UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
UNITED STATES OF AMERICA      )
                              )
v.                            )                Crim. No. 05-10249
                              )
DANIELO TETZNER               )
_____)


**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Defendant Danielo Tetzner hereby moves the court for a downward departure

pursuant to § 4A1.3 on the ground that his criminal history category significantly

overrepresents the seriousness of his criminal history.

In <u>United States v. Wilkerson</u>, 183 F.Supp.2d 373, 380 (D. Mass. 2002), this court

noted that, "Clearly, § 4A1.3 departures are 'encouraged departures' under <u>Koon v.

United States</u> …"

Probation categorizes Tetzner as a Category III. The defendant contends that he

should be treated as a Category I.

"Criminal history departures permit a court to put the defendant's record in the

context of his life and background." <u>Wilkerson</u> at 380. Tetzner's upbringing was

extraordinarily traumatic. He was raised in the slums of Sao Paulo. His mother died

when he was seven years old. His father died one year later. He and his sole sibling, a

sister, went to live with friends of his parents. When Tetzner was fifteen his sister

reported that she had been abused by the male of the couple that had taken them in. His

sister moved out of the house and the two children were separated for two years.

Tetzner learned to be a baker and obtained a license in Brazil to work as a baker. Before leaving for the United States he was earning approximately $20 per month working full time as a baker.

Mr. Tetzner has one prior conviction - - his illegal entry into the United States to escape a life of poverty and to try to better himself.

Provided at Attachment A hereto is a copy of the Memorandum of Sentencing Hearing from the prior conviction.[1]  Mr. Tetzner's guideline range was 0 to 6 months. He was held for 131 days until the case was resolved by a plea.  The "time served" sentence imposed by the court results in 2 criminal history points.  These points stem from the fact that Mr. Tetzner was held awaiting resolution of the case, and not from a determination that a penalty of incarceration was warranted.

Mr. Tetzner receives an additional 2 points because the instant offense was committed less than two years following his release from custody for the sentence imposed in his only prior case.  The assessment of these 2 additional points is problematic for two reasons.

First, Mr. Tetzner's sole prior conviction has an unfairly severe impact on his guideline range because this same conviction also escalates his offense level by 2 pursuant to § 2L2.1 (b) (4).  If a Criminal History Category I is assumed, the increase of the offense level from 11 to 13 results in a 4 month increase in the guideline range, up to 12-18 months from 8-14.  At Category II there is a 5 month increase.  The 2 additional criminal history points based on the same prior conviction increase the Criminal History Category to III.  At Offense Level 13 this results in a guideline range of 18-24 months

---

[1] Because counsel is not equipped to scan this attachment, this motion is being filed and served both electronically and by mail.

instead of the 13-21 month range at Category II, or 12-18 months at Category I.  Taken together, the offense level enhancement under § 2L2.1 (b) (4) and the additional 2 criminal history points under § 4A1.1 (e) result in a guideline range that is 9-11 months higher as a result of the "double whammy" of increases in both offense level and criminal history stemming from one conviction that had a guideline range of 0-6 months.

Second, the addition of 2 criminal history points pursuant to § 4A1.1 (e) applies where a new offense is committed within two years of release from a sentence of incarceration.  But in this case the only incarceration that Tetzner was sentenced to was the 131 days he served while his case was pending.  As in the base calculation of 2 points for this offense, Tetzner is being penalized because he was a poor release risk, and not because of the court's intention to sentence him to further imprisonment.

Tetzner's culpability for his sole prior victimless crime falls well shy of typical offenders at Category III.  The impact of this single conviction upon Mr. Tetzner's criminal history category and offense level is disproportionate to the nature of the offense and excessive.

<u>CONCLUSION</u>

For the foregoing reasons, the defendant's Motion for Downward Departure should be allowed.  His criminal history category should be reduced to Category I.

Danielo Tetzner
By his Attorney,

/s/ Keith Halpern
Keith Halpern
4 Longfellow Place
37th Floor
Boston, MA 02114
(617) 722-9952

# ATTACHMENT A

(Rev. 6/90)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 03 - 10359

~~Daniel P. Tetenor~~
**Defendant**

## MEMORANDUM OF SENTENCING HEARING
## AND
## REPORT OF STATEMENT OF REASONS

_W.Y. DJ._

Counsel and the defendant were present for sentencing hearing on **2/3/04**. The matters set forth were reviewed and considered. The reasons for sentence pursuant to Title 18 U.S.C. 3553(c), as set forth herein, were stated in open court.

| | | |
|---|---|---|
| 1. | Was the presentence investigation report (PSI) reviewed by counsel and defendant including any additional materials received concerning sentencing? | ___Yes ___No |
| 2.(a) | Was information withheld pursuant to FRCrP 32(c)(3)(A)? | ___Yes ___No |
| (b) | If yes to (a), has summary been provided by the court pursuant to FRCrP 32(c)(3)(B)? | ___Yes ___No |
| 3.(a) | Were all factual statements contained in the PSI adopted without objection? | ___Yes ___No |
| (b) | If no to (a) the PSI was adopted in part with the exception of the following factual issues in dispute: | |

PSR was waived pursuant to F.R.Cr.P 32 (c) (1)(A)(ii) and the facts were as stipulated in the Joint Sentency Memo.

(c)    Disputed issues have been resolved as follows after ___evidentiary hearing, ___further submissions and/or ___arguments:

[kmemsen.]

4.(a)     Are any legal issues in dispute?                                          ___Yes ___No

          If yes, describe disputed issues and their resolution:

5.(a)     Is there any dispute as to guideline applications (such as
          offense level, criminal history category, fine or restitution)
          as stated in the PSI?                                                     ___Yes ___No

          If yes, describe disputed areas and their resolution:

   (b)    Tentative findings as to applicable guidelines are:

          Total Offense Level:_____6_____

          Criminal History Category:_____1_____

          ____0____ to ____6____ months imprisonment

          _____to__12____ months supervised release

          $_____ to $_____fine (plus $_____ cost of
                                                    imprisonment/supervision)

          $_____ restitution

          $__150__ special assessment ($_____ on each of
                                            counts                        )

6.(a)     Are there any legal objections to tentative findings?           ___Yes ✓No

   (b)    If no, findings are adopted by the Court.

   (c)    If yes, describe objections and how they were addressed:

          OR sentence hearing is continued to _____
          to allow for preparation of oral argument or filing of written
          submissions by _____.

7.(a)    Remarks by counsel for defendant.[1]       ✓__Yes __No

(b)    Defendant speaks on own behalf.       __Yes ✓No

(c)    Remarks by counsel for government.       ✓_Yes __No

8.(a)    The sentence will be imposed in accordance with the prescribed forms in the Bench Book Sec. 5.02 as follows:

_Time Served_ months imprisonment

_____ months/intermittent community confinement

_____ months probation

____12____ months supervised release ✱

$____0____ fine (including cost of imprisonment/supervision)

$_____ restitution

$___150___ special assessment ($_____on each of counts _____)

Other provisions of sentence: (community service, forfeiture, etc.)

✱ When deported leave US promptly & not return without the express consent of the Sec. of Homeland Security

(b) ✓    After imposing sentence, the Court has advised the defendant of the defendant's right to appeal within 10 days of the entry of judgment in accordance with FRCrP 32(a)(2).

---

[1] The order of argument and/or recommendations and allocution may be altered to accord with the Court's practice.

3

9.      Statement of reasons for imposing sentence.
        Check appropriate space.

(a) ✓   Sentence is within the guideline range and that range does not exceed 24 months and the Court
        finds no reason to depart from the sentence called for by application of the guidelines.

OR___   Sentence is within the guideline range and that range exceeds 24 months and the reasons for
        imposing the selected sentence are:

(b)___   Sentence departs from the guideline range as a result of

         ___ substantial cooperation upon motion of the government

         OR

         ___ a finding that the following (aggravating or mitigating) circumstance exists that is of a kind
         or degree not adequately taken into consideration by the Sentencing Commission in formulating
         the guidelines and that this circumstance should result in a sentence different from that
         described by the guidelines for the following reasons:

(c)___   Is restitution applicable in this case?                    ___Yes ✓No

         Is full restitution imposed?                               ___Yes ___No

         If no, less than full restitution is imposed for the following reasons:

4

(d)___  Is a fine applicable in this case?                                    ✓Yes ✓No

Is the fine within the guidelines imposed?                          ___Yes ✓No

If no, the fine is not within guidelines or no fine is imposed for the following reasons:

✓  Defendant is not able, and even with the use of a reasonable installment schedule is not likely to become able, to pay all or part of the required fine; or

____  Imposition of a fine would unduly burden the defendant's dependants; or

____  Other reasons as follows:

10.      Was a plea agreement submitted in this case?                    ✓Yes ✓No

Check appropriate space:

____  The Court has accepted a Rule 11(e)(1)(A) charge agreement because it is satisfied that the agreement adequately reflects seriousness of the actual offense behavior and accepting the plea agreement will not undermine the statutory purposes of sentencing.

____  The Court has accepted either a Rule 11(e)(1)(B) sentence recommendation or a Rule 11(e)(1)(C) sentence agreement that is within the applicable guideline range.

____  The Court has accepted either a Rule 11(e)(1)(B) sentence recommendation or a Rule 11(e)(1)(C) sentence agreement that departs from the applicable guideline range because the Court is satisfied that such a departure is authorized by 18 U.S.C. 3553(b).

11.      Suggestions for guideline revisions resulting from this case are submitted by an attachment to this report.                    ___Yes ___No

12.      The PSI is adopted as part of the record, either in whole or in part as discussed above and is to be maintained by the U.S. Probation Department under seal unless required for appeal.

13.      Judgment will be prepared by the clerk in accordance with above.

14.      The clerk will provide this Memorandum of Sentencing Hearing And Report of Statement of Reasons to the U.S. Probation Department for forwarding to the Sentencing Commission, and if the above sentence includes a term of imprisonment, to the Bureau of Prisons.

FEB. 3, 2004
_____
DATE

_____
UNITED STATES DISTRICT JUDGE

(State of Reasons Memo.wpd - 09/96) mlw 9/02                          (kmemsen.)

5